IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TF ENTERTAINMENT CORP., | ) | |
| A New York Corporation, | ) | |
| and | ) | |
| | ) | |
| TF HOME COLLECTION, LLC, | ) | |
| A New York Limited Liability Company | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Case No. 23-cv-3218 |
| v. | ) | |
| | ) | |
| SAFAVIEH, INC. | ) | |
| A New York Corporation, | ) | |
| SERVE REGISTERED AGENT | ) | |
| Mohsen Yaraghi, CEO | ) | |
| 40 Harbor Park Drive North | ) | |
| Port Washington, NY 11050 | ) | |
| and | ) | |
| | ) | |
| SAFAVIEH INTL, LLC | ) | |
| A New York Limited Liability Company, | ) | |
| SERVE REGISTERED AGENT | ) | |
| Mohsen Yaraghi | ) | |
| 40 Harbor Park Drive North | ) | |
| Port Washington, NY 11050 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

(Trademark Infringement, Unfair Competition and Trademark Dilution)

Plaintiffs, TF ENTERTAINMENT CORP. and TF HOME COLLECTION, LLC for their complaint against these defendants respectfully allege as follows:

JURISDICTION

1.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1338(a) because the action arises under an Act of Congress relating to trademarks.   This Court

has original jurisdiction over this civil action pursuant to 28 U.S.C. §1338(b) because the action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.   This Court has original jurisdiction over this civil action pursuant to 15 U.S.C. §1121 because the action arises under Title 15, United States Code, Chapter 22.   This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because this civil action arises under the laws of the United States.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all state law or common law claims in this civil action because the state law or common law claims are so related to claims over which this court has original jurisdiction that the state law or common law claims form part of the same case or controversy under Article III of the United States Constitution.

## PERSONAL JURISDICTION AND VENUE

2.      Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because for purposes of personal jurisdiction and venue the defendants reside in said judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

3.      Plaintiff TF Entertainment Corp. ("TF Entertainment"), is a corporation organized under the laws of the state of New York and has its principal place of business located at The New York Design Center, 200 Lexington Avenue, Suite 815, New York, New York 10016.

4.      Plaintiff TF Home Collection, LLC ("TF Home Collection"), is a limited liability company organized under the laws of the state of New York and has its principal place of business located at The New York Design Center, 200 Lexington Avenue, Suite 815, New York, New York 10016. TF Entertainment and TF Home Collection are collectively referred to herein as "the Thom Filicia Companies."

5.      Defendant Safavieh, Inc. ("Safavieh, Inc."), is a corporation organized under the laws of the state of New York and has its principal place of business located at 40 Harbor Park Drive North, Port Washington, New York 11050.

6.      Defendant Safavieh Intl, LLC ("Safavieh Intl"), is a limited liability company organized under the laws of the state of New York and has its principal place of business located at 40 Harbor Park Drive North, Port Washington, New York 11050. Safavieh, Inc. and Safavieh Intl are collectively referred to herein as "Safavieh."

<u>FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF</u>

7.      Thom Filicia is an internationally renowned interior designer who founded the Thom Filicia Companies which provide interior design products and services throughout the Unites States and the world.   Mr. Filicia is also known for his role as the interior design expert on the television show *Queer Eye for the Straight Guy*.   Through the Thom Filicia Companies, Mr. Filicia promotes, markets and sells products and services branded with his name – THOM FILICIA.

8.      Plaintiff TF Entertainment registered the trademark THOM FILICIA HOME COLLECTION and logo with the U.S. Patent and Trademark and later assigned that trademark registration to TF Home Collection.

9.      Plaintiff TF Home Collection is the current title owner and registrant identified in the federal trademark registration for the mark TF HOME COLLECTION and logo, as more fully identified below:

| | |
|---|---|
| Mark: | THOM FILICIA HOME COLLECTION and logo |
| U.S. Registration No.: | 4,164,933 (Principal Register) |
| Issued: | June 26, 2012 |
| Status: | Valid, subsisting, unrevoked and incontestable |

3

A copy of this registration is attached as Exhibit A hereto and a certified copy of the certificate will be provided at a later time ("THOM FILICIA HOME COLLECTION Logo").

10.     The Thom Filicia Companies have used the mark and name THOM FILICIA, including the THOM FILICIA HOME COLLECTION Logo, in interstate commerce through retail outlets, online stores and licensed interior design resellers in association with various interior design products, including without limitation, rugs, carpets and various pieces of furniture.

11.     On or about August 27, 2008, TF Entertainment Corp. entered into a license agreement with Safavieh, Inc. which granted Safavieh, Inc. the right to use the THOM FILICIA mark and name as THOM FILICIA HOME on area rugs in a territory including the United States, Canada, Europe and Japan.   A true and correct copy of the original license agreement between TF Entertainment and Safavieh, Inc. is attached as Exhibit B hereto ("License Agreement").

12.     On or about September 6, 2013, TF Entertainment and Safavieh, Inc. amended the License Agreement to add Safavieh Intl as an additional licensee, to extend the term, expand the licensed products to include lighting fixtures and to make several other revisions to the License Agreement. A true and correct copy of the Amendment to the License Agreement is attached as Exhibit C hereto ("License Agreement Amendment").

13.     Under the terms of the License Agreement Amendment, Safavieh's license to use the THOM FILICIA mark and name expired on August 27, 2016.   See Exhibit C, Paragraph (i) on page 1 of the License Agreement Amendment.

14.     Despite the expiration of the License Agreement, Safavieh continued, and continues through the date of this Complaint, to sell products, including area rugs and lighting fixtures, branded with the THOM FILICIA HOME COLLECTION Logo without the consent or permission of the Thom Filicia Companies.

15.     Exhibit D, attached hereto, are true and correct copies of pages from various online retailers offering Safavieh area rugs and lighting fixtures for sale which bear the THOM FILICIA HOME COLLECTION Logo.

16.     In addition, Safavieh offers for sale, and sells, the THOM FILICIA HOME COLLECTION area rugs directly to consumers. See Exhibit E, attached hereto, showing true and correct pages from the Safavieh.com website featuring the image and likeness of Mr. Filicia together with the THOM FILICIA HOME COLLECTION-branded area rugs.

17.     On or about June 28, 2022, over six (6) years after the expiration of the License Agreement, representatives for the TF Filicia Companies made an actual purchase of an area rug from Safavieh bearing the THOM FILICA mark and name.  See Exhibit F, attached hereto, showing true and correct photos of the THOM FILICIA-branded area rug sold by Safavieh, including the purchase order documentation from Safavieh.

18.     Despite demands made to Safavieh to cease selling THOM FILICIA-branded area rugs and other products, including a request for an accounting of such sales and itemized inventory of any remaining products, Safavieh has refused.  See true and correct copies of a letter from Christopher M. Collins, Esquire, to Mr. Mohsen Yaraghi and Mr. Arash Yaraghi of Safavieh, dated February 13, 2023 and the return-receipt U.S. Postal card signed by Safavieh are attached as Exhibit G hereto.

19.     In response to the cease and desist letter sent to Safavieh as shown in Exhibit G, Safavieh has made a partial disclosure of its sales and remaining inventory branded with the THOM FILICIA HOME COLLECTION Logo but has failed to cease its ongoing sales or to provide complete accounting records for the monies collected from the unlawful sales after the expiration of the License Agreement or to produce a comprehensive inventory for the existing Safavieh products labeled with the THOM FILICIA mark and name and/or the THOM FILICIA HOME COLLECTION Logo.

## I. FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

20.      The Thom Filicia Companies incorporate by reference the allegations set forth in paragraphs 1 through 19 inclusive insofar as they are applicable to this claim for relief.

21.      This is a claim arising under 15 U.S.C. §1114, as amended, for willful and deliberate infringement by Safavieh of the THOM FILICIA HOME COLLECTION Logo as that mark is registered on the Principal Register of the United States Patent and Trademark Office.

### A.    TRADEMARK INFRINGEMENT

22.      TF Entertainment Corp originally registered, and TF Home Collection is the current title owner of U.S. Trademark Registration No. 4,164,933 [Exhibit A] covering the mark THOM FILICIA HOME COLLECTION and logo for use in connection with "carpets and area rugs" and "furniture."

23.      The U.S. Trademark Registration No. 4,164,933 is conclusive evidence of the validity of the THOM FILICIA HOME COLLECTION Logo trademark registration, of the ownership of the THOM FILICIA HOME COLLECTION Logo trademark and of the Thom Filicia Companies' exclusive right to use, without condition or limitation, the trademark in commerce on or in connection with the goods specified in the certificate of registration.

24.      Due to the fame of Mr. Thom Filicia, as well as the continuous use by the Thom Filicia Companies of the mark THOM FILICIA HOME COLLECTION Logo as a trademark, THOM FILICIA HOME COLLECTION Logo has become famous within the relevant trade, business community and the public.

25.     As a result of the Thom Filicia Companies' length of use, advertising and promotion of its products under the THOM FILICIA HOME COLLECTION Logo this trademark has acquired a secondary meaning as indicating the source and origin of the Thom Filicia Companies carpets, rugs, furniture and other related products.   This trademark is protectable by The Thom Filicia Companies, which have acquired proprietary rights therein.

26.     On information and belief, Safavieh continued to offer for sale and to sell products branded with the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement, well beyond the sell-off period set forth in paragraph 12.1 of the License Agreement, and through the date of this Complaint with knowledge that such activities were in violation of the rights granted in the License Agreement.

27.     Safavieh's continued marketing and sales of its products branded with the THOM FILICIA HOME COLLECTION Logo constitutes intentional and deliberate infringement of the Thom Filicia Companies' right, title and interest in the registered trademark as well as common law rights in the mark and name THOM FILICIA.

28.     Safavieh's intentional infringement of the THOM FILICIA HOME COLLECTION Logo in connection with its area rugs and lighting fixtures is likely to confuse members of the trade, the business community, and the public, and lead them to the erroneous belief that the goods offered by Safavieh under the THOM FILICIA HOME COLLECTION Logo originate with or are authorized or endorsed by The Thom Filicia Companies, all to the irreparable harm, damage, and detriment of the Thom Filicia Companies.

29.     Safavieh's willful and deliberate infringement of the THOM FILICIA HOME COLLECTION Logo, in violation of the License Agreement, has irreparably harmed and irreparably damaged the Thom Filicia Companies and will continue to irreparably harm plaintiffs unless enjoined by this Court.

30.     Despite Safavieh's receipt of the Thom Filicia Companies' cease and desist letter, Safavieh has refused cease and desist sales of the infringing goods and, on information and belief, continues to use the THOM FILICIA HOME COLLECTION Logo to promote sales of area rugs and lighting fixtures as evidenced Exhibits D and E, attached hereto.

31.     Safavieh's intentional use in commerce of the THOM FILICIA HOME COLLECTION Logo without the Thom Filicia Companies' consent and in connection with its area rugs, lighting fixtures and related goods, including without limitation, its nationwide online advertising such goods, or through other advertisements that are intended to be used in connection with the sale, offering for sale, distribution, or advertising of Safavieh's goods, constitutes an impermissible reproduction, counterfeit, copy and colorable imitation of the Thom Filicia Companies' registered mark for THOM FILICIA HOME COLLECTION Logo as used in connection with the specified goods, all in violation of The Thom Filicia Companies' exclusive right to use said mark and name in commerce.

## II.   SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125

32.     The Thom Filicia Companies incorporate by reference the allegations set forth in paragraphs 1 through 31 inclusive insofar as they are applicable to this claim for relief.   This is a claim arising under 15 U.S.C. §1125, as amended, for federal unfair competition and false designation of origin.

33.     Safavieh, having intentionally and deliberately breached its obligations under the License Agreement to cease the sale, and offering for sale, of products branded with the THOM FILICIA HOME COLLECTION Logo, did use in commerce and in connection with Safavieh area rugs and lighting fixtures and related goods the THOM FILICIA HOME COLLECTION Logo and Mr. Thom Filicia's name and likeness, all of which falsely described and represented an affiliation with or designation of origin of those products with the Thom Filicia Companies.

34.     In addition, Safavieh, having actual knowledge of its breach of the License Agreement did actively advertise and promote products throughout the United States and abroad featuring the THOM FILICIA HOME COLLECTION Logo and Mr. Filicia's name and likeness without authorization from the Thom Filicia Companies.

35.     Safavieh's continued and unauthorized use of the THOM FILICIA HOME COLLECTION Logo and related marks and names in connection with Safavieh area rugs and lighting fixtures and related products after the expiration of the License Agreement falsely describes and falsely represents to members of the trade, the business community, and the public that the goods offered by Safavieh under the THOM FILICIA HOME COLLECTION Logo in some way originate with or are sponsored or endorsed by the Thom Filicia Companies, all to the Thom Filicia Companies' irreparable harm, damage and detriment.

36.     Safavieh's willful and deliberate adoption of the THOM FILICIA HOME COLLECTION Logo and its subsequent offering for sale of Safavieh area rugs and lighting fixtures, as well as related products, under said mark and name has irreparably harmed and irreparably damaged plaintiffs and will continue to irreparably harm and irreparably damage the Thom Filicia Companies unless enjoined by this Court.

37.     On information and belief, Safavieh has refused to cease use of the THOM FILICIA HOME COLLECTION Logo despite the Thom Filicia Companies' written communication with Safavieh.  See Exhibit D (examples of Safavieh advertisements for area rugs branded with the THOM FILICIA HOME COLLECTION Logo; Exhibit E (pages from the Safavieh.com website featuring Mr. Thom Filicia's name and likeness, together with area rugs bearing the THOM FILICIA HOME COLLECTION Logo); and Exhibit G (the Thom Filicia Companies' cease and desist letter delivered to Safavieh).

38.     Safavieh's continued, unauthorized, willful, and deliberate use of the THOM FILICIA HOME COLLECTION Logo in connection with Safavieh area rugs and lighting fixtures

and related products constitutes a false designation of origin and federal unfair competition, all in violation of The Thom Filicia Companies rights to exclusively use the term THOM FILICIA HOME COLLECTION Logo as its trademark, and of The Thom Filicia Companies' right to exclusively trade under the name THOM FILICIA HOME COLLECTION Logo.

## III.   THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION AND INFRINGEMENT

39.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38, inclusive, insofar as they are applicable to this claim for relief.   This is a claim arising under the common law of the state of New York for common law unfair competition and infringement.

40.     The Thom Filicia Companies have continuously and in good faith used the mark THOM FILICIA HOME COLLECTION Logo and the THOM FILICIA mark and name within the state of New York, within the federal judicial district known as the Southern District of New York, and throughout the United States, in connection with carpets, area rugs, furniture and related products as more specifically described above.

41.     As a consequence of the use of such mark in the state of New York, The Thom Filicia Companies have acquired a common law trademark and a common law trade name within the state of New York for THOM FILICIA and the THOM FILICIA HOME COLLECTION Logo.

42.     On information and belief, based in part on Savafieh's continued use of the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement, Safavieh willfully and deliberately used the THOM FILICIA HOME COLLECTION Logo in connection with Safavieh area rugs and lighting fixtures and related products in the state of New York and in the Southern District of New York.

43.     Subsequent to the expiration of the License Agreement, the Thom Filicia

Companies have neither authorized, licensed, nor consented to Safavieh's common law use within the state of New York of the THOM FILICIA HOME COLLECTION Logo or the THOM FILICIA mark or name.

44.    Safavieh's use of the THOM FILICIA HOME COLLECTION Logo constitutes unfair competition and infringement of the Thom Filicia Companies' common law trademark, and common law trade name as established in the term THOM FILICIA and the THOM FILICIA HOME COLLECTION Logo.

45.    The Thom Filicia Companies believe that Safavieh's subsequent, willful and deliberate and use of the THOM FILICIA HOME COLLECTION Logo in connection with Safavieh area rugs and lighting fixtures and related products has caused and is likely to continue to cause, confusion among the trade, business community and the public.

46.    Safavieh's continued use of such mark and name will continue to cause common law infringement and unfair competition, all to the Thom Filicia Companies' irreparable harm, irreparable damage, and detriment.

47.    Plaintiff has no adequate and complete remedy at law unless the court enjoins Safavieh's conduct in using the THOM FILICIA HOME COLLECTION Logo, including similar variations thereof.

IV.   FOURTH CLAIM FOR RELIEF

DILUTION OF THE THOM FILICIA COMPANIES' TRADEMARK UNDER THE FEDERAL ANTI-DILUTION ACT

48.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, insofar as they are applicable to this claim for relief.   This is a claim arising under the Anti-Dilution Act, 15 U.S.C. §1125(c) to prevent dilution of trademarks.

49.    The Thom Filicia Companies' ownership and use of the THOM FILICIA HOME

COLLECTION Logo and THOM FILICIA mark and name in commerce in conjunction with carpets, area rugs and furniture and other interior design products has made the mark and name distinctive, well-known and famous in the trade, industry and the public.

50.     The Thom Filicia Companies' THOM FILICIA HOME COLLECTION Logo and the THOM FILICIA mark and name were famous prior to the expiration of the License Agreement and Safavieh's subsequent unauthorized use of that mark and name.

51.     Safavieh's unauthorized adoption, use and promotion of itself and products in association with the THOM FILICIA HOME COLLECTION Logo and THOM FILICIA mark and name is likely to cause confusion among members of the trade, industry and general public as to the source or origin of the Safavieh area rugs and lighting fixtures offered for sale by Safavieh.

52.     On information and belief, Safavieh willfully intended to trade on the reputations of the Thom Filicia Companies in continuing to sell, and to offer for sale, its products branded with the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement.

53.     On information and belief, Safavieh willfully intended to cause dilution of the Thom Filicia Companies' THOM FILICIA HOME COLLECTION Logo with the knowledge that said mark was distinctive, well-known and famous.

54.     The result of Safavieh's use is a diminution of the value of the Thom Filicia Companies' mark and name THOM FILICIA and the THOM FILICIA HOME COLLECTION Logo when used in conjunction with area rugs and lighting fixtures by lessening the capacity of said mark to identify and distinguish the relevant goods.

55.     Plaintiff has no adequate and complete remedy at law unless the court enjoins Safavieh's conduct in using the THOM FILICIA HOME COLLECTION Logo, including similar variations thereof.

56.     In addition, plaintiffs have been injured as a direct result of Safavieh's willful and intentional use of the Thom Filicia Companies' mark and name THOM FILICIA HOME COLLECTION Logo as adopted and used by Safavieh to trade on the Thom Filicia Companies' reputation.

## V.   FIFTH CLAIM FOR RELIEF
## DILUTION OF THE THOM FILICIA COMPANIES' TRADEMARK UNDER THE NEW YORK STATE ANTI-DILUTION ACT

57.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 56, inclusive, insofar as they are applicable to this claim for relief.   This is a claim arising under the New York State Anti-dilution Act, New York Gen. Bus. L. §360-L to prevent dilution of trademarks.

58.     The Thom Filicia Companies' ownership and use of the THOM FILICIA mark and name and the THOM FILICIA HOME COLLECTION Logo in commerce in conjunction with carpets, area rugs, furniture and related goods has made the mark and name distinctive, well-known and famous in the trade, industry and the public.

59.     The Thom Filicia Companies' THOM FILICIA mark and name, as well as the THOM FILICIA HOME COLLECTION Logo, were famous prior to the expiration of the License Agreement and Safavieh's subsequent unauthorized use of those marks and names.

60.     On information and belief, Safavieh willfully intended to trade on the Thom Filicia Companies' reputation in its unauthorized use of the THOM FILICIA mark and name as well as the THOM FILICIA HOME COLLECTION Logo.

61.     On information and belief, Safavieh willfully intended to cause dilution of the Thom Filicia Companies' THOM FILICIA mark and name as well as the THOM FILICIA HOME

COLLECTION Logo with the knowledge that said marks were distinctive, well-known and famous.

62.     Safavieh's unauthorized adoption, use and promotion of its goods under the THOM FILICIA mark and name, as well as the THOM FILICIA HOME COLLECTION Logo, is likely to cause confusion among members of the trade, industry and general public as to the source or origin of the Safavieh area rugs and lighting fixtures offered by Safavieh.

63.     The result of Safavieh's unlawful use is a diminution of the value of the Thom Filicia Companies' THOM FILICIAN mark and name, as well as the THOM FILICIA HOME COLLECTION Logo, when used in conjunction with Safavieh area rugs and lighting fixtures by lessening the capacity of said mark to identify and distinguish the relevant goods.

64.     The Thom Filicia Companies have no adequate and complete remedy at law unless the court enjoins Safavieh's conduct in using the THOM FILICIA mark and name and the THOM FILICIA HOME COLLECTION Logo, including similar variations thereof.

65.     In addition, the Thom Filicia Companies have been injured as a direct result of Safavieh's willful and intentional use of the Thom Filicia Companies' THOM FILICIA mark and name, as well as the THOM FILICIA HOME COLLECTION Logo, as promoted by Safavieh to trade on the Thom Filicia Companies' reputation.

WHEREFORE, TF Entertainment Corp. and TF Home Collection LLC respectfully pray for an Order of this Court holding that:

A.     Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, by the unauthorized adoption and use of the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement and in connection with goods substantially identical or closely related to the goods of TF Entertainment Corp. and TF Home Collection LLC, have

committed federal trademark infringement under 15 U.S.C. §1114(1) and unfair competition in violation of 15 U.S.C. §1125(a) and (b) and the Thom Filicia Companies' exclusive rights to use the THOM FILICIA HOME COLLECTION Logo.

B.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally by the unauthorized adoption and use of the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement and in connection with goods substantially identical or closely related to the various goods of TF Entertainment Corp. and TF Home Collection LLC, have infringed The Thom Filicia Companies' common law rights to the mark THOM FILICIA and the THOM FILICIA HOME COLLECTION Logo and have committed common law unfair competition.

C.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, by the unauthorized adoption and use of the THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement have adopted and used such mark with knowledge of the mark of another.

D.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, by the unauthorized adoption and use of the mark and trade name THOM FILICIA HOME COLLECTION Logo after the expiration of the License Agreement and in connection with goods substantially identical or closely related to the various goods of TF Entertainment Corp. and TF Home Collection LLC, have intentionally and willfully infringed The Thom Filicia Companies' common law rights to the THOM FILICIA mark and name and the THOM FILICIA HOME COLLECTION Logo mark and have committed common law unfair competition.

E.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, by the unauthorized adoption and use of the mark and trade name THOM FILICIA HOME COLLECTION Logo, which mark is used in commerce by TF Entertainment Corp. and TF Home Collection LLC as a designation of source of the Thom Filicia Companies' carpets, area rugs and furniture, have injured plaintiffs within the meaning of the Federal Anti-dilution Act, 15 U.S.C. §1125(c).

F.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, by the unauthorized adoption and use of the mark and trade name THOM FILICIA HOME

COLLECTION Logo, which mark is used in commerce by TF Entertainment Corp. and TF Home Collection LLC as a designation of source of the Thom Filicia Companies' carpets, area rugs and furniture have injured plaintiffs within the meaning of the New York State Anti-dilution Act, New York Gen. Bus. L. §360-L.

G.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, including their respective agents, servants, employees, attorneys, successors, assigns, shareholders, members and all persons in active concert or participation with them, be permanently enjoined and restrained from further acts of unfair competition, trademark and trade name infringement arising from its unlawful promotion and sale of Safavieh area rugs and lighting fixtures and related products under the THOM FILICIA HOME COLLECTION Logo and specifically from further use of said mark, name, design, trade name and domain name or colorable variants thereof.

H.      Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally, be required to account and pay over to the Thom Filicia Companies all profits accruing to Safavieh plus be required to pay all damages suffered by the Thom Filicia Companies from Safavieh's said wrongful acts and, because of the willful and deliberate nature of the conduct by Safavieh, the Court enter judgment for the Thom Filicia Companies against Safavieh, Safavieh Corporation, for three times the amount of damages and profits assessed on the federal claims and, if applicable, punitive damages on the state law claims.

J.      Plaintiffs TF Entertainment Corp. and TF Home Collection LLC recover their costs herein, and

K.      Plaintiffs TF Entertainment Corp. and TF Home Collection LLC be awarded reasonable attorneys' fees and expenses incurred as a consequence of Safavieh's willful appropriation, infringement, dilution and intentional acts of unfair competition to be paid by Defendants Safavieh, Inc. and Safavieh Intl LLC, jointly and severally.

Plaintiff further prays for such other and further relief as this Court shall deem just and equitable.

Respectfully submitted,

ZETLIN & DE CHIARA LLP

_____

Bill P. Chimos
New York Bar No.: BC-9381
Zetlin & De Chiara, LLP
801 Second Avenue
New York, New York 10017
Telephone: (212) 682-6800
Email: bchimos@zdlaw.com
Attorneys for Plaintiffs
TF ENTERTAINMENT CORP. and
TF HOME COLLECTION, LLP


Christopher M. Collins
Virginia Bar No. 28770
VANDERPOOL, FROSTICK & NISHANIAN, PC
9200 Church Street, Suite 400
Manassas, Virginia 20110
Telephone: (703) 369-4738
Email: ccollins@vfnlaw.com

17